UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD L. HANNAH,
    Petitioner,

v.   Case No. 8:21-cv-465-KKM-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Hannah, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction based on alleged failures of his trial counsel. (Doc. 1.) Having considered the petition, (*id.*), and the response opposing the petition as time-barred, (Doc. 4), the petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, Hannah is also not entitled to a certificate of appealability.

I.    BACKGROUND

A state court jury convicted Hannah of burglary of an occupied dwelling and criminal mischief. (Doc. 4-2, Ex. 2.) The state trial court sentenced him to 15 years in prison. (Doc. 4-2, Ex. 3.) The state appellate court per curiam affirmed the judgment and sentence. (Doc. 4-2, Ex. 5.) Hannah's first motion for postconviction relief under Florida

---

[1] Hannah did not file a reply.

Rule of Criminal Procedure 3.850 was denied. (Doc. 4-2, Exs. 6, 7, 10 & 14.) The state appellate court per curiam affirmed. (Doc. 4-2, Ex. 17.) Hannah's second motion for postconviction relief under Rule 3.850 was denied as untimely and successive. (Doc. 4-2, Exs. 26 & 27.) The state appellate court per curiam affirmed. (Doc. 4-2, Ex. 30.) Hannah also filed a motion to correct an illegal sentence under Rule 3.800(a). (Doc. 4-2, Exs. 19 & 20.) The state court denied the motion, and the state appellate court per curiam affirmed. (Doc. 4-2, Exs. 21 & 24.)

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Hannah's conviction and sentence were affirmed on June 28, 2013. (Doc. 4-2, Ex. 5.) His judgment became final 90 days later, on September 26, 2013, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See*

*Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Hannah's limitation period began to run the next day, September 27, 2013.

After 200 days of untolled time elapsed, Hannah filed his first postconviction motion on April 15, 2014. (Doc. 4-2, Ex. 6, p. 28.) Hannah's postconviction motion remained pending until July 10, 2018, when the state appellate court issued its mandate. (Doc. 4-2, Ex. 18.) The next day, July 11, 2018, Hannah filed a motion to correct an illegal sentence. (Doc. 4-2, Ex. 19, p. 1.) The filing of this motion continued to toll the limitation period. The motion to correct an illegal sentence remained pending until the state appellate court's mandate issued on June 3, 2020.  (Doc. 4-2, Ex. 25.) The limitation period began running again the next day, June 4, 2020.

Before that date, on November 7, 2019, Hannah filed a second motion for postconviction relief, which was pending until the state appellate court's mandate issued on October 5, 2020. (Doc. 4-2, Ex. 26, p. 1 & Ex. 31.) But Hannah is not entitled to statutory tolling from June 4, 2020, to October 5, 2020. In denying the second postconviction motion, the state court found that it was untimely. (Doc. 4-2, Ex. 27, pp. 2-3.) Therefore, it was not "properly filed" and did not toll the limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (stating that an untimely postconviction motion is not properly filed and that "[w]hen a postconviction petition is untimely under

3

state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted).

Therefore, Hannah's AEDPA limitation period began running again on June 4, 2020. At that time, Hannah had 165 days, or until November 15, 2020, to file his federal habeas petition. He did not do so until more than three months later, on February 22, 2021. (Doc. 1, p. 1.) Because Hannah's petition was filed more than one year after his judgment became final, it is untimely under § 2244(d)(1)(A).

Hannah does not argue that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that § 2244(d) "is subject to equitable tolling in appropriate cases"). Nor does Hannah establish that he is entitled to review of his untimely petition because he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). In the section of the petition for addressing timeliness, Hannah refers to "plain error" and "systematic manifest injustice." (Doc. 1, p. 14.) But he offers no further explanation, and no evidence that he is actually innocent of the offenses for which he was convicted. Accordingly, his petition is time-barred.

## III. CERTIFICATE OF APPEALABILITY

Hannah is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The

district court or circuit court must issue a COA. *Id.* To obtain a COA, Hannah must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Hannah cannot satisfy the second prong of the *Slack* test. As Hannah is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Hannah's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Hannah and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 27, 2023.

Kathryn Kimball Mizelle
United States District Judge